UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Case No. 6:15-bk-06458-CCJ

WILLIAM W. COLE, JR.,

Debtor.

_____/

## CREDITORS, PRN REAL ESTATE & INVESTMENTS, LTD., AND NANCY A. ROSSMAN'S, MOTION TO COMPEL THIRD PARTY, JANET KRIPS, CPA, TO RESPOND TO THE SUBPOENA FOR PRODUCTION OF DOCUMENTS

Creditors, PRN REAL ESTATE & INVESTMENTS, LTD. ("PRN"), and NANCY A. ROSSMAN ("Rossman") (collectively, the "Creditors"), by counsel, hereby file and serve their Motion to Compel Third Party, JANET KRIPS, CPA ("Krips"), to Respond to the Subpoena for Production of Documents, and states:

### FACTUAL AND PROCEDURAL HISTORY

1.     This is a Chapter 7 Bankruptcy matter in which Debtor, WILLIAM W. COLE, JR.'s (the "Debtor"), estate is worth millions of dollars, and he is seeking a discharge of over $50,000,000.00 owed to the Creditors.

2.     Krips is the longtime accountant for the Debtor and his business entities.

3.     Krips is currently employed at Elerick and Elerick, P.A. ("Elerick").  As a result, to properly prepare for the trials in this matter and ensure that the mediation scheduled for July 18, 2016, is meaningful, on March 11, 2016, the Creditors served Elerick with a Subpoena for Document Production requesting documents related to the Debtor's assets and finances.

4.     On March 14, 2016, Elerick contacted the Creditors' counsel and advised that it does not now, and never, served as the Debtor's accountants.

5.     Accordingly, on April 14, 2016, the Creditors served Krips with a Subpoena for Document Production (the "Subpoena"). A true and correct copy of the Subpoena is attached hereto and incorporated herein as **Exhibit "A."** The Subpoena required Krips to produce the documents requested therein on or before May 6, 2016, at 5:00 p.m. The Subpoena seeks documents related to the Debtor's assets, liabilities, business ventures, and potential asset transfers, which are directly relevant to the administration of the Debtor's estate. Since Krips has served as the Debtor and his entities' accountant for years, she very likely has documents in her possession, custody, or control responsive to the Requests in the Subpoena.

6.     To date, however, Krips has not served any documents in response to the Subpoena or filed anything in the Court related to it.

7.     Rather, on May 4, 2016, the day before Krips was required to respond to the Subpoena, Phil D'Aniello, Esquire, counsel for several third parties in this action, sent an e-mail to counsel for the Creditors advising that he did not represent Krips, but that she was requesting an extension of time for almost two months, until June 30, 2016, because Krips "is a solo practitioner, is just wrapping up the tax season, and will be leaving next week for an extended vacation returning on June 6, 2016.

8.     On May 5, 2016, James A. Timko, Esquire, counsel for the Creditors, responded to Mr. D'Aniello's e-mail advising that the Creditors were willing to work with Krips, as the Creditors have with other third parties, but could not agree to an extension until June 30, 2016, because that was almost two (2) months away and the documents requested were directly relevant to the administration of the Debtor's estate. A true and correct copy of the e-mail string between Mr. D'Aniello and Mr. Timko is attached hereto and incorporated herein as Composite **Exhibit "B."**

9.    On May 6, 2016, the day after Krips was required to produce the documents responsive to the Subpoena, Todd M. Hoepker, Esquire, sent a letter to Mr. Timko asking for an extension of time for Krips to respond to the Subpoena until May 9, 2016.  A true and correct copy of that letter is attached hereto and incorporated herein as **Exhibit "C."**

10.    Over the course of approximately the next ten (10) days, the Creditors' counsel attempted to work with Krips' counsel to obtain the production of documents responsive to the Subpoena.  A true and correct copy of the e-mail string between the Creditors' counsel and Krips' attorney is attached hereto and incorporated herein as Composite **Exhibit "D."**

11.    Despite the Creditors' efforts, Krips has not produced any documents responsive to the Subpoena or filed any objections to it.

12.    As set forth below, the Court should enter an Order compelling Krips to serve the documents responsive to the Subpoena within five (5) days of the date of the Order.

## ARGUMENT

I.    **Krips Waived the Right to Object to the Requests in the Subpoena by Failing to Timely Serve and Objection to the Subpoena.**

Under Federal Rule of Civil Procedure 45(d)(2)(B), a person commanded to produce documents pursuant to a Subpoena is required to raise any objections to the Subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Fed. R. Civ. P.* 45(d)(2)(B).  The law is clear that "[a] non-party waives any objections if she does not timely object to the subpoena." *Stringer v. Ryan*, 2009 WL 3644360 (S.D.Fla. October 30, 2009), citing *In re: DG Acquisition Corp.*, 151 F.3d 81 (2d Cir. 1998); *Wang v. HSU*, 919 F.2d 130, 131 (10th Cur, 1990); *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 432, 426 (D.N.J. 2004); *Accutane Products Liability Litigation*, 2006 WL 1281598*1 (M.D.Fla. May 9, 2006) (stating that failing to respond to a Subpoena typically results in a waiver, but "in unusual circumstances

and for good cause, the failure to act timely may not bar consideration of objections." There are no such unusual circumstances or good cause in this case.)

In this case, Krips did not serve any response or objection to the Subpoena, and has therefore waived the right to do so. As a result, the Court should enter an Order requiring her to produce the documents responsive to the Subpoena.

## II.    Krips Cannot Avoid Producing Documents Based on the Accountant-Client Privilege.

Since Krips has not responded to the Subpoena, she obviously has not raised any objection to it. Nevertheless, since Krips is the Debtor's accountant, the Creditors anticipate that Krips might attempt to argue the documents requested in the Subpoena are protected from discovery under the accountant-client privilege. That objection will fail for several reasons.

First, under Federal Rule of Civil Procedure 45(e)(2)(A), "A person withholding subpoenaed information under a claim that is privileged or subject to protection as trial preparation material must (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *See Fed. R. Civ. P.* 45(e)(2)(A)(i) – (ii). Krips waived the right to raise the accountant-client privilege by failing to comply with Rule 45, or responding in any way to the Subpoena.

Second, Krips is prohibited by law from raising the accountant-client privilege in bankruptcy matters such as the instant case. Section 90.5055, *Florida Statutes*, sets forth the accountant-client privilege in Florida. The instant bankruptcy matter, however, is governed by "the principles of common law as they have been interpreted by the courts of the United States." *In re: Eugene E. Mori*, 1 B.R. 265, 266 – 267 (S.D.Fla. 1979). As stated in *Mori*, "The common law as interpreted by the courts of the United States is clear: No confidential accountant-client

relationship exists under federal law, and no state-created privilege has been recognized in federal cases." *Id.*, citing *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *Falsone v. United States*, 205 F.2d 734 (5th Cir. 1953, cert. denied, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375.    The accountant-client privilege established under Florida law, therefore, does not apply to this bankruptcy matter.

The Court in *Mori* further explained the rationale for refusing to apply the accountant-client privilege in a bankruptcy matter.

> The accountant-client privilege, if allowed in a voluntary bankruptcy proceeding, as to information relating to assets, liabilities and income of a voluntary Debtor, would severely prejudice creditors and destroy the concepts of full disclosure embodied in the Bankruptcy Act.  The 'light of reason and experience' as referred to in Rule 501, requires otherwise.

*Id.* At 267.

Based on the foregoing, the Court should overrule any accountant-client privilege raised by Krips since the accountant-client privilege does not apply to the Debtor's voluntary bankruptcy.

### III.    Even if Krips Did Not Waive the Right to Object to the Subpoena, the Documents Responsive to the Subpoena are Directly Relevant to the Administration of the Debtor's Estate.

Even if Krips did not waive the right to raise an objection to the Subpoena, the documents requested in the Subpoena are directly relevant to the administration of the Debtor's estate.  The Subpoena simply requests documents that will show the Debtor's assets, liabilities, asset transfers, and entities in which he owns an interest.  As a result, they are relevant to the instant matter and should be produced.

WHEREFORE, Creditors, PRN REAL ESTATE & INVESTMENTS, LTD., and NANCY A. ROSSMAN, respectfully request the Court to enter an Order: (a) granting this

Motion; (b) compelling Janet Krips, P.A., to produce the documents responsive to the Subpoena; (c) granting an award of attorneys' fees and costs in favor of the Creditors and against Krips related to the filing of this Motion; and (d) for such other and further relief as this Court deems just and proper.

      Dated:  June 24, 2016.

*/s/ James A. Timko*
JAMES A. TIMKO, ESQ.
Florida Bar No.: 0088858
jtimko@shutts.com
JACK C. MCELROY, Esquire
 Florida Bar No. 0818150
jmcelroy@shutts.com
mgarrity@shutts.com
JEFFREY S. ELKINS, Esquire
Florida Bar No. 0043775
jelkins@shutts.com
egutierrez@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Post Office Box 4956
Orlando, Florida 32801-5403
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
*Attorneys for Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed a copy of the foregoing document with this Court's CM/ECF System to be served in accordance therewith and that a copy of the foregoing document was served this June 24, 2016, on the following parties by either Court enabled electronic filing or by depositing a copy of same in the United States Mail, postage pre-paid thereon, to be delivered to the addresses set forth below:

**Kenneth D. Herron, Esq.**
Herron Hill Law Group, PLLC
1851 West Colonial Drive
Orlando, Florida 32804
*Counsel for Debtor*

**L. Todd Budgen, Esq.**
P.O. Box 520546
Longwood, Florida 32752-0546
*Counsel for Ch. 7 Trustee*

**VIA CM/ECF ONLY**
**Lori Patton, Trustee**
P.O. Box 520547
Longwood, Florida 32752
*Ch. 7 Trustee*

**R. Scott Shuker**
Latham, Shuker, Eden & Beaudine, LLP
111 North Magnolia Ave., Suite 1400
Orlando, FL 32801
*Counsel for Coledev*

**William W. Cole, Jr.**
608 Bentley Lane
Maitland, Florida 32751
*Debtor*

**United States Trustee - ORL7/13**
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, Florida 32801

**Phil D'Aniello, Esq.**
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Drive
Orlando, Florida 32804
*Counsel for Terre Cole*

**Kevin E. Mangum**
Mateer Harbert
225 E Robinson St., Ste. 600
Orlando, FL 32801

/s/ James A. Timko
JAMES A. TIMKO, ESQ.

ORLDOCS 14766576 1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Case No. 6:15-bk-06458-CCJ

WILLIAM W. COLE, JR.,

Chapter 7

    Debtor.

_____/

PRN REAL ESTATE & INVESTMENTS, LTD.,    Adv. Proc. No. 6:15-ap-00168-CCJ

    Plaintiff,    Chapter 7

v.

WILLIAM W. COLE, JR.,

    Defendant.

_____/

## SUBPOENA FOR DOCUMENT PRODUCTION

TO:    **Corporate Representative of JANET KRIPS, CPA**
    **265 N. Wymore Road**
    **Winter Park, Florida 32789**

☐*Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at an examination under Federal Rules of Civil Procedure, 30(b)(6).

PLACE    DATE AND TIME

The examination will be recorded by this method:  N/A

_____

☒ *Production:* **You, or your representatives, must produce at the below specified address on the date and time indicated below, the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:**

### SEE ATTACHED SCHEDULE "A"

PLACE    DATE AND TIME
**Shutts & Bowen LLP**    **May 6, 2016**
**Attention: James A. Timko, Esq.**    **By 5:00 p.m.**
**300 S. Orange Avenue, #1000**
**Orlando, Florida 32801**

_____



Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

      Date:  April 13, 2016.

The name, address, email address, and telephone number of the attorney representing PRN Real Estate & Investments, Ltd. and Nancy A. Rossman who issued or requested this subpoena, is:

> JAMES A. TIMKO, ESQ.
> Florida Bar No. 0088858
> Email:  Jtimko@shutts.com
> SHUTTS & BOWEN LLP
> 300 S. Orange Avenue, Suite 1000
> Orlando, Florida  32801
> Telephone:  (407) 423-3200
> Facsimile:  (407) 425-8316
> *Attorneys for PRN Real Estate & Investments, Ltd.*
> *and Nancy A. Rossman*

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

ORLDOCS 14630313 1

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                    SIGNATURE OF SERVER

                                                          _____
                                                          ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE "A"

### Janet Krips, CPA

### Definitions and Instructions

1.      "Document" means any written, printed, typed, recorded or graphic matter, of every type and description, however and by whomever prepared, produced reproduced, disseminated or made, in any form, whether in draft or final, which is or was in your actual or constructive possession, custody, or control, or within your knowledge, including but not limited to, correspondence, text messages, telegrams, notes or sound recordings of any type of personal or telephone conversations, or of any meetings or conferences, minutes of meetings, memoranda, interoffice communications, e-mail or other electronic communications, text messages, studies, tables, charts, crafts, analyses, reports, results of investigations, reviews, contracts, agreements, working papers, statistical records, ledgers, books of account, vouchers, bank checks, invoices, receipts, computer data or printouts, stenographer's note books, desk calendars, appointment books, diaries, photographs, photographs, sound or video recordings, electronically-stored information, or matter similar to any of the foregoing, however denominated.  It includes all matter that relates or refers in whole or in part to the subjects referred to in any document request. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification are no longer identical) each no identical copy is a separate "document".

2.      The word "communication," or any variant thereof, means any contact between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, text messages, e-mails, photographs, text of any other kind, telegrams, telecopies or telexes, or by any document, and any oral contact such as face-to-face meetings and

telephone conversations.

3.    "Refers and relates to," and "refers to" as used herein mean concerns, consists of, refers to, reflects, reflects on, shows or in any way is logically or factually connected with the matter discussed.

4.    "Or" and "and" each mean "and/or". "All" shall be understood to include and encompass "any".

5.    "Concerning", "evidencing" or "relating to" or any variant thereof includes referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, relating to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

6.    Documents produced in response hereto are to be segregated and identified according to the specifications hereof pursuant to which each such document is being produced.

7.    If any document called for herein is withheld under a claim of privilege, attorney work-product or immunity, the grounds for such claim should be set forth and the documents being withheld should be set forth, including the date of the document, number of pages, the sender of the document, the recipient of the document, the identity of each person to whom copies were given or who had access to the documents, and the specific request to which the document is responsive.

8.    "W. Cole" means WILLIAM W. COLE, JR., whose address is 608 Bentley Lane, Maitland, Florida 32751, and any individual, agent, attorney, employee, or representative acting on his behalf.

9.    "T. Cole" means TERRE COLE, whose address was 608 Bentley Lane, Maitland,

2

Florida 32751, and 315 E. New England Avenue, Unit 12, Winter Park, Florida, and whose address is currently 200 Carolina Avenue, Winter Park, Florida, and any other individual, agent, attorney, employee, or representative acting on her behalf.

10.    "Coledev" means COLEDEV, LLC, and any individual, agent, employee, or representative on its behalf.

11.    "Cole of Orlando" means COLE OF ORLANDO LIMITED PARTNERSHIP, and any individual, agent, employee, or representative acting on its behalf.

12.    "Krips" shall mean Janet Krips, CPA, and any other individual, agent, entity, attorney, employee, or representative acting on her behalf.

### Documents to be Produced

1.    All of W. Cole's state and federal income tax returns, whether filed individually or jointly with another person, for the years 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, and 2015, including corresponding schedules, worksheets, and the like filed with those tax returns.

2.    All documents upon which Krips relied to prepare any federal or state tax returns listed in paragraph 1 above.

3.    All documents provided to Krips by any person or entity related to the tax returns listed in paragraph 1 above.

4.    All documents constituting correspondence or communication with Krips, and any person or entity related to any of the tax returns listed in paragraph 1 above.

5.    All documents provided to Krips by any person or entity showing the finances, income, assets, liabilities, and expenses, including financial statements, of W. Cole from January 1, 2007, to the present.

3

6.      Krips' entire file related to the tax returns listed in paragraph 1 above.

7.      All of T. Cole's state and federal income tax returns, whether filed individually or jointly with another person, for the years 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, and 2015, including corresponding schedules, worksheets, and the like filed with those tax returns.

8.      All documents upon which Krips relied to prepare any federal or state tax returns listed in paragraph 7 above.

9.      All documents provided to Krips by any person or entity related to the tax returns listed in paragraph 7 above.

10.     All documents constituting correspondence or communication with Krips, and any person or entity related to any of the tax returns listed in paragraph 7 above.

11.     All documents provided to Krips by any person or entity showing the finances, income, assets, liabilities, and expenses, including financial statements, of T. Cole from January 1, 2007 to the present.

12.     Krips' entire file related to the tax returns listed in paragraph 7 above.

13.     All of Cole of Orlando's state and federal income tax returns, whether filed individually or jointly with another person, for the years 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, and 2015, including corresponding schedules, worksheets, and the like filed with those tax returns.

14.     All documents upon which Krips relied to prepare any federal or state tax returns listed in paragraph 13 above.

15.     All documents provided to Krips by any person or entity related to the tax returns listed in paragraph 13 above.

16.     All documents constituting correspondence or communication with Krips, and

4

any person or entity related to any of the tax returns listed in paragraph 13 above.

17.     All documents provided to Krips by any person or entity showing the finances, income, assets, liabilities, and expenses, including financial statements, of Cole of Orlando from January 1, 2007, to the present.

18.     Krips' entire file related to the tax returns listed in paragraph 13 above.

19.     All of Coledev's state and federal income tax returns, whether filed individually or jointly with another person, for the years 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, and 2015, including corresponding schedules, worksheets, and the like filed with those tax returns.

20.     All documents upon which Krips relied to prepare any federal or state tax returns listed in paragraph 19 above.

21.     All documents provided to by any person or entity related to the tax returns listed in paragraph 19 above.

22.     All documents constituting correspondence or communication with Krips, and any person or entity related to any of the tax returns listed in paragraph 19 above.

23.     All documents provided to Krips by any person or entity showing the finances, income, assets, liabilities, and expenses, including financial statements, of Coledev from January 1, 2007 to the present.

24.     Krips' entire file related to the tax returns listed in paragraph 19 above.

25.     All documents constituting correspondence or communications between W. Cole and/or T. Cole, individually, jointly, and/or on behalf of any other entity, relating in any way to W. Cole, T. Cole, Cole of Orlando, and/or Coledev's finances, assets, liabilities, asset protection, bankruptcy, or the like.

ORLDOCS 14620500 1

5

## Kelly C. Granofsky

| | |
|---|---|
| **From:** | James A. Timko |
| **Sent:** | Thursday, May 05, 2016 10:34 AM |
| **To:** | 'Phil D'Aniello' |
| **Cc:** | Jeffrey S. Elkins; Jack C. McElroy; Kelly C. Granofsky; chip@herronhilllaw.com; tbudgen@mybankruptcyfirm.com; Lori Patton |
| **Subject:** | RE: Krips Subpoena |

Phil,

Can you provide the contact information you are using so we can discuss with Ms. Kripps directly?

Jim

-----Original Message-----
From: Phil D'Aniello [mailto:PDAniello@fassettlaw.com]
Sent: Thursday, May 05, 2016 10:32 AM
To: James A. Timko
Cc: Jeffrey S. Elkins; Jack C. McElroy; Kelly C. Granofsky; chip@herronhilllaw.com;
tbudgen@mybankruptcyfirm.com; Lori Patton
Subject: RE: Krips Subpoena

I'm just the messenger here. I will pass along your reply.

Regards,

Phil A. D'Aniello, Esq.
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Dr.
Orlando, FL 32804
Tel: 407-872-0200
Fax: 407-422-8170
E-Mail: pdaniello@fassettlaw.com

-----Original Message-----
From: James A. Timko [mailto:JTimko@shutts.com]
Sent: Thursday, May 05, 2016 10:14 AM
To: Phil D'Aniello
Cc: Jeffrey S. Elkins; Jack C. McElroy; Kelly C. Granofsky; chip@herronhilllaw.com;
tbudgen@mybankruptcyfirm.com; Lori Patton
Subject: RE: Krips Subpoena

Phil,

We have been trying to work with and be accommodating to all third-parties.  That said, we cannot agree to an extension until June
30th which is almost two months from now.   Ms. Kripps has had the
subpoena for weeks and the information we are seeking is important for the mediation, our discovery efforts prior to the mediation and the case itself. When is Ms. Kripps leaving town? What is the volume of documents she holds?  The financial information she holds would not have to be withheld based on any privilege - Mr.

1



Cole is in bankruptcy and his finances are directly at issue. Feel free to have her call me or you can call me directly. Delaying the discovery doesn't help anyone's interests if the idea is to reach an end.

Further, the trustee likely has an interest in Ms. Kripps accounting records and we are including the trustee on this email as well.


Regards,

Jim



James A. Timko
Partner

_____

Shutts & Bowen LLP
300 South Orange Avenue, Suite 1000 | Orlando, FL 32801
Direct: (407) 835-6808 | Fax: (407) 849-7212 E-Mail | Biography | V-Card
| Website

Please consider the environment before printing this email



-----Original Message-----
From: Phil D'Aniello [mailto:PDAniello@fassettlaw.com]
Sent: Wednesday, May 04, 2016 4:47 PM
To: James A. Timko
Subject: Krips Subpoena

With regard to the subpoena sent to Janet Krips, although I do not represent her, she has contacted us to say that she is a sole practitioner, is just wrapping up the tax season and will be leaving next week for an extended vacation returning June 6.

She has indicated that she will be able to respond to The subpoena, reserving any objections to accountant client communications, by June 30 if the requesting party agrees to pay her for her fees and costs incurred for researching the files.

Please let me know if you agree to these terms and I will inform her, otherwise she will obtain counsel to seek a protective order.

Phil A. D'Aniello, Esq.
Fassett, Anthony & Taylor, P.A.
1325 W. Colonial Dr.
Orlando, FL 32804
Tel: 407-872-0200 ext 3007
Fax: 407-422-8170
E-mail: pdaniello@fassettlaw.com

# TODD M. HOEPKER, P.A.
## ATTORNEY AND COUNSELOR AT LAW

55 E. PINE STREET ● PO BOX 3311 ● ORLANDO ● FLORIDA 32802-3311
TELEPHONE: (407) 426-2060        FACSIMILE: (407) 426-2066

May 6, 2016

**VIA EMAIL**

James Timko, Esquire
Shutts & Bowen LLP
300 S Orange Ave., Ste. 1000
Orlando, FL 32801-5403

Re:    <u>In Re</u>: William W. Cole, Jr.
       Case No. 6:15-bk-06458-CCJ

Dear Jim:

I have just been retained by Janet Krips in connection with the subpoena which you served upon her. I am in the middle of mediating a case today and have been unable to get the subpoena so that I can review it. Can you please provide me with a copy of the subpoena?

I have heard that the response date may be today. If so, I would ask that you give me at least until Monday, May 9, 2016 to review the subpoena and discuss this matter at length with Ms. Krips so that I can properly respond.

I greatly appreciate your anticipated attention and professional courtesy in this matter.

Very truly yours,

Todd M. Hoepker

TMH: ae
S:\MyFiles\26309\14001\TIMKO LTR.docx

EXHIBIT
C

**Kelly C. Granofsky**

| | |
|---|---|
| **From:** | Todd Hoepker [toddhoepker@hoepkerlaw.com] |
| **Sent:** | Tuesday, May 17, 2016 6:38 AM |
| **To:** | James A. Timko |
| **Cc:** | Jeffrey S. Elkins; Jack C. McElroy; Kelly C. Granofsky |
| **Subject:** | Re: In Re: William W. Cole, Jr. - Case No. 6:15-bk-06458-CCJ |

Jim:

I got tied up. I will be in court again the rest of the day but will call you this afternoon.

Thanks,
Todd


Todd M. Hoepker, Esquire
Todd M. Hoepker, P.A.
PO Box 3311
Orlando, FL 32802-3311
Telephone: (407) 426-2060
Facsimile: (407)  426-2066


*********************************CONFIDENTIALITY NOTICE*********************************
The information in this email, and in any attachment, may be confidential and/or privileged. This email is intended to be reviewed only by the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein, is strictly prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system. Additionally, although Todd M. Hoepker, P.A. attempts to sweep email and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage caused or sustained as a result of viruses. Thank you.


**From:** James A. Timko <JTimko@shutts.com>
**Sent:** Monday, May 16, 2016 4:56 PM
**To:** James A. Timko; Todd Hoepker
**Cc:** Jeffrey S. Elkins; Jack C. McElroy; Kelly C. Granofsky
**Subject:** RE: In Re: William W. Cole, Jr. - Case No. 6:15-bk-06458-CCJ

Todd,

Any word?

Jim

1



EXHIBIT
D

# Shutts

**James A. Timko**
*Partner*

_____

## Shutts & Bowen LLP

300 South Orange Avenue, Suite 1000 | Orlando, FL 32801
Direct: (407) 835-6808 | Fax: (407) 849-7212
E-Mail | Biography | V-Card | Website

**Please consider the environment before printing this email**

**From:** James A. Timko
**Sent:** Friday, May 13, 2016 10:17 AM
**To:** 'Todd Hoepker'
**Cc:** Jeffrey S. Elkins; Jack C. McElroy; Kelly C. Granofsky
**Subject:** RE: In Re: William W. Cole, Jr. - Case No. 6:15-bk-06458-CCJ

If you are not available today, Monday is fine.

Regards,

Jim

# Shutts

**James A. Timko**
*Partner*

_____

## Shutts & Bowen LLP

300 South Orange Avenue, Suite 1000 | Orlando, FL 32801
Direct: (407) 835-6808 | Fax: (407) 849-7212
E-Mail | Biography | V-Card | Website

**Please consider the environment before printing this email**

**From:** Todd Hoepker [mailto:toddhoepker@hoepkerlaw.com]
**Sent:** Friday, May 13, 2016 10:08 AM
**To:** James A. Timko
**Subject:** Re: In Re: William W. Cole, Jr. - Case No. 6:15-bk-06458-CCJ

I have been out of pocket all week and out today. Can you talk about this on Monday?

Thanks,
Todd


Todd M. Hoepker, Esquire
Todd M. Hoepker, P.A.
PO Box 3311

Orlando, FL 32802-3311
Telephone: (407) 426-2060
Facsimile: (407) 426-2066

*******************************CONFIDENTIALITY NOTICE********************************
The information in this email, and in any attachment, may be confidential and/or privileged. This email is intended to be
reviewed only by the individual or organization named above. If you are not the intended recipient or an authorized
representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email
and its attachments, if any, or the information contained herein, is strictly prohibited. If you have received this email in
error, please immediately notify the sender by return email and delete this email from your system. Additionally, although
Todd M. Hoepker, P.A. attempts to sweep email and attachments for viruses, it does not guarantee that either are virus-
free and accepts no liability for any damage caused or sustained as a result of viruses. Thank you.

**From:** James A. Timko <JTimko@shutts.com>
**Sent:** Thursday, May 12, 2016 3:26 PM
**To:** James A. Timko; Todd Hoepker
**Cc:** Kelly C. Granofsky; Jeffrey S. Elkins
**Subject:** RE: In Re: William W. Cole, Jr. - Case No. 6:15-bk-06458-CCJ

Todd,

Any response to my below email?  I would prefer not to file motion if Ms. Kripps has no basis to object to the discovery.

Regards,

Jim

# Shutts

**James A. Timko**
*Partner*

**Shutts & Bowen LLP**
300 South Orange Avenue, Suite 1000 | Orlando, FL 32801
Direct: (407) 835-6808 | Fax: (407) 849-7212
E-Mail | Biography | V-Card | Website

**Please consider the environment before printing this email**

**From:** James A. Timko
**Sent:** Monday, May 09, 2016 2:48 PM
**To:** 'Todd Hoepker'
**Subject:** RE: In Re: William W. Cole, Jr. - Case No. 6:15-bk-06458-CCJ

Todd,

What is the status of the production?  As you are likely aware, your client claims to be going on a long vacation and
seeks to review the documents in her possession under the accountant-client privilege.  To be clear, in bankruptcy cases

3

no such privilege exists because federal common law trumps state law with respect to claimed privileges in bankruptcy matters.  See In the matter of More, 1 B.R. 265 (Bankr. S.D. Fla. 1979), Russell, Bankruptcy Evidence Manual,



**James A. Timko**
*Partner*

---

**Shutts & Bowen LLP**
300 South Orange Avenue, Suite 1000 | Orlando, FL 32801
Direct: (407) 835-6808 | Fax: (407) 849-7212
E-Mail | Biography | V-Card | Website
**Please consider the environment before printing this email**

**From:** Todd Hoepker [mailto:toddhoepker@hoepkerlaw.com]
**Sent:** Friday, May 06, 2016 12:03 PM
**To:** James A. Timko
**Subject:** In Re: William W. Cole, Jr. - Case No. 6:15-bk-06458-CCJ

Please see attached.


Todd M. Hoepker, Esquire
Todd M. Hoepker, P.A.
PO Box 3311
Orlando, FL 32802-3311
Telephone: (407) 426-2060
Facsimile: (407)  426-2066


*******************************CONFIDENTIALITY NOTICE*********************************
The information in this email, and in any attachment, may be confidential and/or privileged. This email is intended to be reviewed only by the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein, is strictly prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system. Additionally, although Todd M. Hoepker, P.A. attempts to sweep email and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for any damage caused or sustained as a result of viruses. Thank you.